IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ADRIANE BOYD AND OLIN BOYD, ) | C.A. No. 3:08-2958-CMC |
| ) | |
| Plaintiffs, ) | OPINION AND ORDER |
| ) | ON MOTION FOR |
| vs. ) | SUMMARY JUDGMENT |
| ) | |
| ST. PAUL FIRE & MARINE INSURANCE, ) | |
| CO., ST. PAUL MERCURY INSURANCE ) | |
| CO., and SURETY RECOVERY ) | |
| MANAGEMENT, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Through this action, Plaintiffs, Adriane and Olin Boyd (collectively "Boyds"), seek to recover damages they allegedly suffered as a result of collection efforts taken by or on behalf of Defendants St. Paul Fire & Marine Insurance Co. and St. Paul Mercury Insurance Co. (collectively "St. Paul"). Some or all of the actions were taken by St. Paul's alleged agent, Surety Recovery Management, Inc., ("Surety").[1]

The collection efforts related to amounts St. Paul paid to Adriane Boyd's former employer under a surety bond. The Boyds allege that the collection efforts were improper, in whole or in part, because Adriane Boyd was not responsible for her employer's claimed losses. Based on these allegations, the Boyds assert four causes of action: (1) outrage (intentional infliction of emotional distress); (2) defamation; (3) civil conspiracy; and (4) wrongful intrusion into private affairs.

The matter is before the court on St. Paul's motion for summary judgment. St. Paul argues that all claims are barred by the applicable (two and three year) statutes of limitation. In addition,

---

[1] Although originally named as a Defendant, Surety has been dismissed from this action for lack of personal jurisdiction. *See* Dkt. No. 37.

St. Paul asserts that the Boyds have failed to adduce sufficient evidence to support any of the four causes of action. For reasons explained below, the court concludes that St. Paul is entitled to summary judgment on both grounds.

**STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the nonmoving party has the ultimate burden of proof on an issue, the moving party must identify the parts of the record that demonstrate the nonmoving party lacks sufficient evidence. The nonmoving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

2

**DISCUSSION**

**I.      Statute of Limitations**

In its opening memorandum, St. Paul presumes that the Boyds' causes of action arose when Adriane Boyd received collection-related correspondence from Surety. Because the last such letter was mailed in November 2004, more than three years before this action was filed on July 24, 2008, St. Paul argues that all claims are barred (the defamation claim being subject to a two-year statute of limitations and the remaining claims being subject to a three-year statute of limitations).

In their opposition memorandum, the Boyds assert that the limitations period did not begin to run until November 2006. This argument is based on an August 1, 2005 credit report prepared for Adriane Boyd which reflects that Surety made an inquiry on October 27, 2004, for a "collection purpose." The credit report further reflects that the report of Surety's inquiry was "scheduled to continue on record until Nov. 2006." Dkt. No 51-2 at 1. Thus, as to all causes of action, the Boyds rely on the continued *availability* of the notation on Adriane Boyd's credit report that Surety made an inquiry for a collection purpose on October 27, 2004. The Boyds have not presented any evidence that any person actually accessed the information during the two to three year period predating the filing of this action.

St. Paul focuses on the absence of such evidence in arguing that the Boyds have failed to present evidence that their claims accrued within the relevant statutory periods. As St. Paul notes, the document on which the Boyds rely reflects that the last publication was on March 28, 2005 when another entity (identified as "Northland Colls Src") made an inquiry for a collection purpose. As this date is more than three years before the Boyds filed this action, St. Paul argues that all causes

3

of action would be barred even accepting that the information on the credit report provides a proper trigger date for the disparate claims.[2]

The court agrees with St. Paul's analysis. Although the Boyds have pointed to the possibility that information was *available* within the relevant statutory periods, they have not shown any resulting publication at any time which would cause their claims to be timely. This is because they have not shown that any third-party accessed the information within the relevant period preceding initiation of this action (two years for the defamation claim and three years for all other claims).[3]

## II.   Inadequacy of Evidence

St. Paul also argues that the Boyds have failed to adduce evidence sufficient to support any of their claims. In doing so, St. Paul addresses each of the four claims separately. The Boyds do not respond directly to any of St. Paul's four arguments. Indeed, their only reference to St. Paul's arguments on the merits is the following assertion which is contained in their statute of limitations argument:

> The Defendant does not contest that their agent Surety Recovery Management did not publish a defamatory statement; that their actions did not rise to a level supporting a claim for outrage nor does it contest that Surety Recovery Management was not acting as its' [sic] agent.

Dkt. No. 51 at 3.

---

[2] In fact, the Boyds' accrual theory may be applicable only to the defamation claim, given that this claim is founded on the publication of information and the statutory period for this cause of action begins to run anew with each publication.

[3] In their opposition memorandum, the Boyds specifically address only two claims: outrage (three-year statute of limitations); and defamation (two-year statute of limitations). This may suggest that they have abandoned the other two claims. Even if not abandoned, the unaddressed claims would be time barred because they are subject to the same limitations period as the outrage claim.

4

For purposes of this order, the court will assume that the Boyds mean the precise opposite of what they have stated given that the argument as stated does not advance their position.[4] Even with this favorable interpretation, the argument is not sufficient to overcome the substantive aspects of St. Paul's motion. First, St. Paul does contest that Surety is its agent and the Boyds have presented no evidence to the contrary. *See* Dkt. No. 47 at at 1-2; Dkt. No 40-1 at 9-10.[5] Second, even if Surety was treated as St. Paul's agent, the evidence would be insufficient to support any of the causes of action plead. This is, in part, because the Boyds have failed to direct the court to evidence supporting critical portions of their statement of facts.[6]

Even if the factual statement as presented by the Boyds had adequate support, and even if Surety is presumed to be St. Paul's agent, the record would remain inadequate to support the Boyd's claims. This is largely because the Boyds have failed to state St. Paul or Surety should have known that the criminal charges against Adriane Boyd had been dismissed and, assuming that date preceded one or more of the complained of collection efforts, whether St. Paul or Surety were on notice that

---

[4] This result may be achieved either by replacing "contest" with "contend" *or* by removing each use of "not."

[5] The Boyds are correct in suggesting that St. Paul did not directly address the agency issue in the opening memorandum. St. Paul's arguments do, however, indicate that it is denying an agency relationship with Surety. *See, e.g.*, Dkt. No. 40-1 at 9 (noting that neither of the Defendants, defined as the St. Paul entities, had any communication with the Boyds); *id.* at 10 (referring to allegations including those relating to the collection report and stating that "[t]here is no evidence that Defendants were involved in these allegations"). St. Paul also clearly denied such a relationship in the Answer, Dkt. No. 5 ¶ 6, and on reply, Dkt. No. 47 at 1-2.

[6] For the most part, the Boyds' presentation of facts is not supported by reference to record evidence. While the court must construe the evidence in favor of the non-moving parties, it is not required to accept unsupported assertions of fact as true.

the reason for the dismissal of the charges was such that further collection efforts were inappropriate.[7]

This absence of proof requires entry of judgment in St. Paul's favor on all causes of action even assuming that St. Paul might be held responsible for Surety's actions. Summary judgment is appropriate as to the causes of action for outrage, civil conspiracy, and wrongful intrusion into private affairs for the additional reasons argued in St. Paul's opening memorandum.

## CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment is granted in full.

**IT IS SO ORDERED.**

                                                      s/ Cameron McGowan Currie
                                                    **CAMERON MCGOWAN CURRIE**
                                                    **UNITED STATES DISTRICT JUDGE**

**Columbia, South Carolina**
**February 8, 2010**

---

[7] Adriane Boyd avers that the criminal charges filed against her were dismissed and the charge was expunged from her record with the Solicitor's consent. Dkt. No. 51-1 ¶ 3. She does not state when this occurred. Neither does she indicate when or if this information or the underlying reasons were communicated to St. Paul or Surety. Given the high burden of proof and constitutional protections applicable to criminal defendants, dismissal of criminal charges against an individual does not necessarily mean that the individual may not be held liable as a civil matter. Thus, while dismissal of the criminal charges may support the Boyds' position, it does not necessarily compel a finding that subsequent collection efforts were improper.